UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DION GULLETT,

       Plaintiff,                      CIV. NO. 12-15479

      v.                                    HON. TERRENCE G. BERG

MIDFIRST BANK,                 HON. MICHAEL HLUCHANIUK

       Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS OR FOR SUMMARY JUDGMENT (DKT. 4)**

     Dion Gullett ("Plaintiff") commenced this action in the Wayne County Circuit Court in November 2012, asserting quiet title and other state-law claims arising from the foreclosure sale of a home located in Westland, Michigan. This case is another in a string of mortgage foreclosure-related cases filed by Plaintiff's attorney Emmett Greenwood.[1] On December 14, 2012, MidFirst Bank ("Defendant") removed this case from state court, based on diversity jurisdiction (Dkt. 1).

     Presently before the Court is Defendant's motion to dismiss or for summary judgment (Dkt. 4). Plaintiff filed a response to Defendant's motion (Dkt. 5).[2] The

---

[1] Judge Duggan provides a sampling of Mr. Greenwood's cases in *Saroki v. Bank of New York Mellon*, 12–13961, 2012 WL 5379169 (E.D. Mich. Oct. 31, 2012).

[2] The response filed by Plaintiff is nearly word-for-word identical (down to the same typographical errors) to response briefs filed by Mr. Greenwood in other cases in this district. Judges of this Court have aptly described the arguments advanced in Mr. Greenwood's "canned" briefs as an "empty

1

Court has reviewed the parties' filings, and finds that oral argument will not significantly aid the decisional process. Thus, pursuant to E.D.Mich. LR 7.1(f)(2), the hearing set for April 22, 2013 is cancelled.

For the reasons set forth below, Defendant's dispositive motion is **GRANTED**, and Plaintiff's case is hereby **DISMISSED WITH PREJUDICE**.

## I.  BACKGROUND

On May 15, 2006, Plaintiff borrowed $169,505 from Plymouth Exchange Mortgage Corporation ("Plymouth") (Dkt. 4; Ex. A; Note). As security for the Note, Plaintiff granted Plymouth a mortgage on the real property commonly known as

---

exercise." *See Jewell v. Federal National Mortgage Ass'n,* No. 12–10979 (Dkt. 7 at 5) (Cleland, J.). Indeed, the response brief in this case was filed one week *after* Judge Cox dismissed another of Mr. Greenwood's cases and, in the process of doing so, advised Mr. Greenwood that his conduct could result in Rule 11 sanctions – stating:

> The Court notes that Mr. Greenwood's actions in this case would normally prompt this Court to issue an order directing him to show cause why the Court should not impose Rule 11 sanctions against him. The Court elects not do to so at this time, however, given that Chief Judge Rosen is currently in the process of evaluating whether sanctions should be imposed against Mr. Greenwood for his conduct in filing several similar cases. Nevertheless, IT IS ORDERED that Mr. Greenwood is directed to re-evaluate any other actions that he currently has pending before the undersigned, to determine whether each claim asserted in those actions has an arguable basis in fact and law. If Mr. Greenwood continues to pursue claims without an arguable basis in fact or law, this Court will not hesitate to impose sanctions.

*Rabbah v. Fed. Home Loan Mortg. Corp.*, 12-14599, 2013 WL 153729 (E.D. Mich. Jan. 15, 2013). Less than one month following Judge Cox's admonition, Chief Judge Rosen instituted disciplinary proceedings against Mr. Greenwood under E.D. Mich. L.R. 83.22(e). *See Landis v. Fannie Mae*, 12-CV-11996, 2013 WL 489444 (E.D. Mich. Feb. 8, 2013). In light of the fact that disciplinary proceedings are currently pending against Mr. Greenwood for the same kind conduct found in the case at bar, this Court elects not to initiate an independent sanctions process. However, Mr. Greenwood's conduct in this case will be brought to the attention of the panel convened by Chief Judge Rosen so that it may be given whatever weight may be appropriate in reaching its decision.

3465 Cowan, Westland, Michigan (the "Subject Property") (Dkt. 4; Ex. B; Mortgage). Plymouth assigned its interest as mortgagee to Mortgage Electronic Registration Systems, Inc. ("MERS") (Dkt. 4; Ex. C; Assignment to MERS). Defendant became the mortgagee of record through a series of assignments, beginning with Plymouth and ending with Defendant (Dkt. 4; Ex. D; Assignment to MidFirst).

Plaintiff failed to make timely payments on the Note and fell into default; Plaintiff and Defendant then agreed (on or about August 4, 2009) to modify the prior mortgage, to capitalize the past due amount, modify the principal balance and adjust the interest rate to 6.0% (Dkt. 4; Ex. E; Loan Modification Agreement). In the modification agreement, Plaintiff acknowledged the relationship between himself, Defendant, and MERS (*Id*. at 1).

Despite obtaining a modified loan, Plaintiff once again fell into default and the debt was once again accelerated. Defendant instituted foreclosure proceedings, and Plaintiff requested a meeting pursuant to MCL § 600.3205. A loan modification meeting was set for October 11, 2011, and Defendant sent Plaintiff a Loan Modification Trial Agreement (Dkt. 4; Ex. G; Trial Loan Modification Agreement). Plaintiff verbally declined the offer to modify the loan and failed to execute and return the Trial Loan Modification Agreement; thus, Defendant sent a denial letter to Plaintiff on March 23, 2012 (Dkt. 4; Ex. H; Denial Letter). The Denial Letter indicates that Defendant denied Plaintiff's request for a second loan modification

because Plaintiff failed to return a fully executed set of documents to Defendant (*Id.*).

Defendant then continued the foreclosure proceedings. The foreclosure sale was set for May 10, 2012. Notice of the sale was posted on the premises on April 16, 2012, and published in the Detroit Legal News for the weeks of April 10, April 17, April 24, and May 1, 2012 (Dkt. 4 at 11). The sheriff's sale was adjourned from week to week, but then held on May 31, 2012 (Dkt. 4; Ex. I; Sheriff's Deed). Defendant was the purchaser at the sale, and the Sheriff's Deed was recorded with the Wayne County Register of Deeds on June 11, 2012, in Liber 49921, Page 223. The six-month redemption period ended on November 30, 2012, without redemption having been made.

Plaintiff then instituted this case in the Wayne County Circuit Court arguing, in short, that Defendant's failure to offer a loan modification or an improper or invalid transfer of the Mortgage and Note entitles Plaintiff to legal title to the property and unspecified damages. Defendant removed the matter to this Court, based on diversity jurisdiction. The specific Counts in Plaintiff Complaint are: Quiet Title (Dkt. 1; Ex. A; Compl., Count I); Assignment of the Mortgage Without the Note (Count II); Unjust Enrichment (Count III); Breach of Implied Agreement/Specific Performance (Count IV); and "Breach of MCL 3205(c)" (Count V).

4

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the Court reviews the Complaint in the light most favorable to the plaintiff. *See Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). To survive a motion to dismiss, the Complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. Proc. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See*

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted); *Redding v. St. Edward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury or whether the moving party must prevail as a matter of law. *See Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff").

To the extent that a plaintiff alleges fraudulent conduct on the part of the defendant, such allegations also must satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Id.* To satisfy Rule 9(b), a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."

*Frank v. Dana Corp.*, 547 F.3d 564, 569–70 (6th Cir. 2008) (internal quotation marks and citation omitted). At a minimum, the plaintiff must allege the time, place and contents of the misrepresentations upon which he or she relies. *Id.* (citing *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984)).

### III.  ANALYSIS

As noted earlier, Plaintiff's counsel has filed several lawsuits in this Court, challenging mortgage foreclosures. There are several written decisions dismissing Plaintiff's "cookie-cutter" complaints. Unsurprisingly, this Court finds that Plaintiff's Complaint (like the other virtually identical complaints that preceded it) fails to state a claim upon which relief can be granted. *See, e.g., Saroki v. Bank of New York Mellon,* 12–13961, 2012 WL 5379169 (E.D. Mich. Oct. 31, 2012*)* (Duggan, J.); *Wicht v. Fed. Home Loan Mortg. Corp.*, 12-12965, 2013 WL 1189990 (E.D. Mich. Mar. 22, 2013) (Rosen, C.J.); *Landis v. Fannie Mae*, 12-11996, 2013 WL 1303781 (E.D. Mich. Mar. 28, 2013) (Rosen, C.J.); *Rabbah v. Fed. Home Loan Mortg. Corp.*, 12–14599, 2013 WL 153729 (E.D. Mich. Jan. 15, 2013) (Cox, J.).[3] Plaintiff's Complaint in this matter contains five counts; each is discussed below.

---

[3] *See also, Jenkins v. Wells Fargo Bank, N.A.*, 12–12278 (Steeh, J.), July 25, 2012 Order Granting Defendant's Motion to Dismiss (Dkt. 7)*; Saxton v. Wells Fargo Bank, N.A.,* No. 12–11670 (Cohn, J.), August 17, 2012 Memorandum and Order Granting Defendant's Motion for Judgment on the Pleadings and Dismissing Case (Dkt. 12)*; Enyia v. Federal Home Loan Mortgage Corp.,* No. 12–12118 (Battani, J.), August 31, 2012 Opinion and Order Granting Defendants' Motion to Dismiss (Dkt. 11)*; Evans v. LNV Corporation,* 12–12287 (Edmunds, J.), September 13, 2012 Order Granting Defendant's Motion to Dismiss (Dkt. 6); *Youif v. Deutsche Bank National Trust Co.*, No. 12–11387 (Zatkoff, J.), January 8, 2013 Opinion and Order (Dkt. 16).

### A. Quiet Title (Count I)

When a plaintiff seeks to quiet title to property, he or she has the burden of proof and must make out a prima facie case of title to the property. *See Beaulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'n*, 236 Mich. App. 546, 550, 600 N.W.2d 698, 700 (1999). If the plaintiff establishes a prima facie case, the burden shifts to the defendant to establish superior right or title to the property. *Id.* Although the factual allegations in Plaintiff's Complaint are scant, those allegations which are pled indicate that Defendant, as Trustee of the Trust, has a superior title to the Property based on the sheriff's sale and expiration of the redemption period. Plaintiff fails to allege facts to establish otherwise.

Michigan law provides a mortgagor of residential property a period of six months from the date of the sheriff's sale to redeem the property. *See* MCL § 600.3240(8). Once the redemption period expires, the purchaser of the sheriff's deed is vested with "all the right, title, and interest" in the property. *Id.*; MCL § 600.3236. At that time, the mortgagor may undo the sale only by demonstrating fraud or irregularity in the foreclosure proceedings. *See Overton v. Mortg. Elec. Registration Systems*, No. 284950, 2009 WL 1507342, at * 1 (Mich. Ct. App. May 28, 2009); *Ellison v. Wells Fargo Home Mortg., Inc.*, 09–14175, 2010 WL 3998091, at *4 (E.D. Mich. Oct. 12, 2010) (citing *Whitfield v. OCWEN Berkeley Fed. Bank & Trust*, No. 221248, 2001 WL 1699782, at *2 (Mich. Ct. App. Dec. 28, 2001) ("The type of

fraud sufficient to set aside a foreclosure sale must generally relate to the foreclosure procedure or sale itself").

Here, the redemption period expired on November 30, 2012. Indeed, Plaintiff readily admits that the redemption period has expired (Dkt. 1; Ex. A; Compl. ¶ 9). Plaintiff has not alleged or pled any facts that indicate that he timely attempted to redeem the property. Because Plaintiff failed to redeem the property before the redemption period expired, Defendant became vested with "all right, title and interest" in the property by operation of law. At that point, Plaintiff – the former owner – lost standing to assert claims with respect to the property. *See Overton v. Mortgage Electronic Registration Sys., Inc., supra; Kama v. Wells Fargo Bank, supra.*

Plaintiff fails to allege facts to support a finding of fraud or irregularity in the foreclosure proceedings. The only wrongdoing set forth in Plaintiff's Complaint is Defendant's alleged interference with his purported attempt to enter a loan modification or "negotiate[ ] [a] settlement to keep possession of his home" (Dkt. 1; Ex. A; Compl. ¶¶ 12, 16, 28, 36). Even accepting this allegation as true, it is not sufficient to establish fraud or an irregularity in the foreclosure proceedings that would justify setting aside the foreclosure sale. *See Jabow v. Chase Home Finance LLC*, No. 12–10370, 2012 WL 2524283, at *2 (E.D. Mich. June 29, 2012) (finding the plaintiff's allegation that the defendant "intentionally designed its actions to preclude [the] plaintiff from entering a loan modification program" insufficient to

9

set aside a foreclosure sale); *Harvey v. PNC Bank*, No. 12–10620, 2012 WL 2524285, at *2 (E.D. Mich. June 29, 2012) (same); *Powers v. Chase Bank USA, N.A.*, No. 12–10814, 2012 WL 1945474, at *3 (E.D. Mich. May 30, 2012) (same); *Saroki v. Bank of New York Mellon*, 12–13961, 2012 WL 5379169 (E.D. Mich. Oct. 31, 2012). Accordingly, Count I fails to state a claim upon which relief can be grated, and it is dismissed.

### B.  Assignment of the Mortgage Without the Note (Count II)

In filing the Complaint in this action, Mr. Greenwood added an additional count to his standard cookie-cutter complaint – Count II "Assignment of the Mortgage Without the Note."  Although Defendant's motion challenged this claim on several grounds, because Mr. Greenwood filed his standard, canned response brief in response to Defendant's motion, he did not address or dispute any of the challenges to this additional claim.  Thus, Plaintiffs do not dispute that this claim should be dismissed.  *See, e.g., Rabbah v. Fed. Home Loan Mortg. Corp.*, 12–14599, 2013 WL 153729 *5-6 (E.D. Mich. Jan. 15, 2013).

Furthermore, the Court concludes that Count II is so lacking in supporting factual allegations that it fails to state any claim upon which relief may be granted. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  Accordingly, Count II fails to state a claim upon which relief can be granted, and is dismissed.

### C. Unjust Enrichment (Count III)

To plead a claim of unjust enrichment under Michigan law, a plaintiff must establish that the defendant received and retained a benefit from the plaintiff, resulting in an inequity. *See Fodale v. Waste Mgmt. of Michigan, Inc.*, 271 Mich.App. 11, 36, 718 N.W.2d 827, 841 (2006). Michigan courts then will imply a contract to prevent the defendant from being unjustly enriched. *Id*. But courts will not imply a contract where there is an express contract governing the subject matter. *Id*.

In Count III of his Complaint, Plaintiff alleges that if the Sheriff's Deed granting title to Defendant "were to stand, Defendants [sic] would be unjustly enriched in excess of $25,000 and Plaintiff would suffer a loss in that amount, plus the loss of the subject property as a result of attempting in good faith to modify the Loan or negotiate a settlement in order to keep possession of her [sic] home" (Dkt. 1; Ex. A; Compl. ¶ 30). The Note and Mortgage, however, establish the rights and obligations of the parties relative to the property, including Defendant's right to foreclose in the event of Plaintiff's non-payment in accordance with the Note. Therefore there is an express contract governing the subject matter. *See Saroki v. Bank of New York Mellon*, 12-13961, 2012 WL 5379169 (E.D. Mich. Oct. 31, 2012).

For these reasons, Count III of the Complaint also fails to state a claim upon which relief may be granted, and it is dismissed.

**D. Breach of Implied Agreement/Specific Performance (Count IV)**

In Count IV of his Complaint, Plaintiff seeks an order requiring Defendant to continue processing the loan modification or negotiate a settlement so Plaintiff can keep possession of his home. In essence, Plaintiff is asking the Court to find an implied agreement requiring Defendant to modify the loan or make some other agreement enabling him to maintain possession. This argument is unavailing, given the fact that Defendant *actually did* offer Plaintiff a second loan modification (in writing), and Plaintiff refused to sign it.

Under Michigan law, "[a] contract is implied in fact where the intention as to it is not manifested by direct or explicit words between the parties, but is to be gathered by implication or proper deduction from the conduct of the parties, language used or things done by them, or other pertinent circumstances attending the transaction." *Erickson v. Goodell Oil Co.*, 384 Mich. 207, 212, 180 N.W.2d 798, 800 (1970). Plaintiff alleges no facts implying that he and Defendant entered into an agreement to modify his loan; in fact, Plaintiff expressly asserts in his Complaint that no agreement was reached (Dkt. 1; Ex. A; Compl. ¶ 36 ("That Defendant must be ordered to continue the processing of the Loan Modification and/or negotiate in good faith a settlement on the subject property so that the Plaintiff can enter into a Loan Modification."))

Accordingly, Count IV fails to state a claim upon which relief can be granted, and is dismissed.

### E. Violation of MCL § 600.3205c (Count V)

Finally, in Count V of his Complaint, Plaintiff lists the requirements of MCL § 600.3205c, and then merely alleges "[t]hat Defendants [sic] have failed to follow MCL 3205(c) [sic] in that the Defendants [sic] have failed to modify Plaintiff's mortgage" (Dkt. 1; Ex. A; Compl.¶ 38). Notably, Plaintiff has not alleged facts to suggest that he is entitled to whatever relief the statute provides (e.g., that he contacted a housing counselor and was eligible for a modification). *See* MCL §§ 600.3205c(1), (6), and (7). Plaintiff therefore has not pled sufficient facts to establish a violation of MCL § 600.3205c. *See, Iqbal, supra*.

Furthermore, courts in this district uniformly have held that a violation of Section 3205c is insufficient to justify setting aside a completed foreclosure sale. *See Saroki v. Bank of New York Mellon*, 12–13961, 2012 WL 5379169 *6 (E.D. Mich. Oct. 31, 2012) (collecting cases). This is because the statute does not require the mortgage holder or servicer to modify the mortgage loan. *See* MCL § 600.3205c(8); *see also Dingman v. One West Bank, FSB*, 899 F.Supp.2d 912, 922 (E.D. Mich. 2012) (Cohn, J.). Further, the statute expressly provides for a different form of relief: that "[i]f a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure." *Id*. "The provision allows certain borrowers to determine the type of foreclosure proceeding, not to avoid foreclosure

altogether or set aside an already-completed foreclosure." *Stein v. U.S. Bancorp*, 10–14026, 2011 WL 740537 *10 (E.D. Mich. Feb. 24, 2011) (Cook, J.).

In short, Plaintiff also fails to state a viable claim in Count V of his Complaint, and this claim is likewise dismissed.

### IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss or for summary judgment (Dkt. 4) is **GRANTED**. Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: April 18, 2013

### Certificate of Service

I hereby certify that this Order was electronically submitted on April 18, 2013, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager